UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. COOK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. XPRESS, INC. et al., <br><br> Defendants. | Civil Action No. 23-3228 (MAS) (RLS) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

**RUKHSANAH L. SINGH, United States Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Defendant U.S. Xpress, Inc. ("Defendant") to Enforce Subpoenas *duces tecum* served on certain nonparties. (Doc. No. 21). Upon the Court's instruction, (Doc. No. 23), Defendant served the Motion on the nonparties via certified mail or regular mail, (Doc. No. 26). Plaintiffs Mark A. Cook and Denise G. Cook (collectively, "Plaintiffs") have not opposed the Motion and none of the relevant nonparties has filed an opposition or response to the Motion.[1] The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1 and 78.1. For the reasons set forth below and for good cause shown, the Court hereby **DENIES** Defendant's Motion.

**I.   RELEVANT BACKGROUND**

On or about June 5, 2023, Plaintiffs initiated this personal injury action in New Jersey Superior Court, (Doc. No. 1-2), which Defendant removed to this District on June 13, 2023, (Doc.

---

[1] Some nonparties subject to the Motion provided responses to the subpoenas following the filing of the Motion. (*See* Doc. No. 27). The Court deems Defendant to have withdrawn their Motion as to those responding nonparties and, thus, those nonparties who have responded are not subject to the instant Memorandum Opinion and Order.

1

No. 1). This action arises out of June 5, 2021 accident, where Plaintiffs allege that a tractor trailer that was owned or leased by Defendant negligently reversed into a loading dock at the Tractor Supply Company in Flanders, New Jersey, striking and pinning Mr. Cook, who was working there at the time. (*See* Doc. No. 1-2).

Considering the nature of the claims and alleged injuries, Defendant seeks nonparty discovery from certain medical providers, employers, and claims administrators that may maintain records related to Mr. Cook. Through the present Motion, Defendant represents[2] that it served subpoenas on the following nonparties who have not responded:

1. Riverside Urgent Care, located in Ledgewood, New Jersey;

2. The Center for Ambulatory Surgery, located in Mountainside, New Jersey;

3. Dr. John E. Robinton, located in Montclair, New Jersey;

4. Image Care Radiology at Morristown, located in Morristown, New Jersey;

5. Hackettstown Radiology Associates, located in Hackettstown, New Jersey;

6. NJ Spine Institute, PA, located in Bedminster, New Jersey;

7. Tractor Supply (Store #1155), located in Flanders, New Jersey;

8. Dr. Nicholas Avallone, located in Hackettstown, New Jersey;

9. Gallagher Bassett Services, Inc., located in Clinton, Iowa;[3]

10. Morristown Medical Center, located in Morristown, New Jersey;

11. Medical Care Associates, located in Hackettstown, New Jersey; and

---

[2] With its Motion, Defendant attaches to its "Statement of Material Facts Not in Dispute" exhibits purporting to be "true and correct" copies of the sent subpoenas. (*See* Doc. No. 21). However, the Statement does not meet the requirements of 28 U.S.C. § 1746, such that the documents are properly authenticated. *See* 28 U.S.C. § 1746; *see also* L. Civ. R. 7.2(a). Nevertheless, the authenticity of the exhibits has not been challenged.

[3] The Court takes judicial notice that Clinton, Iowa is located more than 100 miles from this District.

12. Specialty Risk Services, located in King of Prussia, Pennsylvania.[4]

(*See* Doc. No. 27).

On or about January 22, 2024, Defendant sent to some of the nonparties subpoenas through certified mail with a cover letter and without an authorization pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") signed by Mr. Cook. The January 22, 2024 cover letters state that, "[b]y copy of this letter, [P]laintiff, through her [(*sic*)] attorney is receiving notice of this subpoena and our request for records thereby meeting the notice requirements under HIPAA and 45 CFR 164.512(e)(1)(iii)(C)." (Doc. No. 21-2 at Ex. A, ECF p. 2). Those letters state that "Plaintiff has 14 days to notify you of an objection or file a motion to quash the enclosed subpoena[,]" and absent either, responsive materials shall be sent to Defendant's counsel by February 6, 2024. (*See; e.g.,* Doc. No. 21-2 at Ex. A, ECF p. 2). The enclosed subpoenas direct the nonparty to produce responsive documents listed in an attached rider to Defendant's counsel's firm's physical address in Sewell, New Jersey.[5] (*See, e.g.,* Doc. No. 21-2 at Ex. A, ECF p. 3). The subpoenas are electronically signed by Defendant's counsel and, while they state "See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse[,]" none of the subpoenas presented in the record reflect the text of Rule 45(d) and (e)—and nor do any of the cover letters. (*See, e.g.,* Doc. No. 21-2 at Ex. A, ECF p. 4).

The subpoenas include declarations electronically signed by Defendant's paralegal who declares that the subpoenas were served via certified mail on January 22, 2024. (*See, e.g.,* Doc. No. 21-2 at Ex. A, ECF p. 4). Defendant attaches some[6] "Electronic Return Receipts" for the

---

[4] The Court takes judicial notice that King of Prussia, Pennsylvania is located within 100 miles from this District.

[5] The subpoenas appear to be in a 1991 version of Form AO 88 rather than the current version. (*See, e.g.,* Doc. No. 21-2 at Ex. A, ECF p. 3). Notably, Federal Rule of Civil Procedure was amended in 2013 and newer version of the Form is publicly available on the Court's webpage.

[6] Defendant does not proffer such "Receipts" for all subpoenas sent by certified mail on or about

3

subpoenas which reflect that the documents were "left with individual[s]" on January 26, 2024 through certified mail, (*see, e.g.*, Doc. No. 21-2 at Ex. A, ECF p. 7), or were "picked up at USPS" on February 6, 2024, (*see* Doc. No. 21-3 at Ex. I, ECF pp. 16-17). Defendant sent, via certified mail, follow-up letters dated April 29, 2024 to the nonparties who did not respond to the January 22, 2024 subpoenas. (*See, e.g.*, Doc. No. 21-2 at Ex. A, ECF p. 8). In those letters, Defendant instructed the nonparties to produce responsive documents via email to Defendant's counsel's paralegal within 10 days. (*See, e.g.*, Doc. No. 21-2 at Ex. A, ECF p. 8).

Defendant sent additional subpoenas under cover letters dated April 29, 2024, through certified mail, to other nonparties. (*See, e.g.*, Doc. No. 21-3 at Ex. J., ECF p. 28). Those subpoenas mirrored the previously sent subpoenas but directed responses by May 14, 2024. (*See, e.g.*, Doc. No. 21-3 at Ex. J, ECF pp. 28-30). Similar to the previously sent subpoenas, the April 29, 2024 subpoenas include declarations electronically signed by Defendant's paralegal who declares that they were served via certified mail on April 29, 2024. (*See, e.g.*, Doc. No. 21-3 at Ex. J, ECF p. 30). Defendant does not attach any other confirmation as to the delivery or receipt of those subpoenas sent on April 29, 2024. (*See* Doc. No. 21-3 at Exs. J, K, L, M, N). Defendant sent, via certified mail, follow-up letters dated June 20, 2024 to the nonparties who did not respond to the April 29, 2024 subpoenas. (*See, e.g.*, Doc. No. 21-3 at Ex. J, ECF p. 33). In those letters, Defendant instructed the nonparties to produce responsive documents via email to Defendant's counsel's paralegal within 10 days. (*See, e.g.*, Doc. No. 21-3 at Ex. J, ECF p. 33).

In addition, all cover letters enclosing the subpoenas indicate that a copy was sent via email to counsel of record for Plaintiffs. (*See* Doc. No. 21-2, 21-3). The cover letters, however, do not indicate whether attachments (*i.e.*, the subpoenas themselves) were included in the email, and

---

January 22, 2024. (*See* Doc. No. 21-2 at Exs. C, E, F, and H).

Defendant does not certify or show when or if in fact such emails were sent. (*See, e.g.*, Doc. No. 21-2 at Ex. 1, ECF p. 8). Defendant also does not certify or show that it served any notice of the subpoenas to Plaintiff *before* Defendant served them. *See* Fed. R. Civ. P. 45(a)(4) (requiring that notice and a copy of the subpoena must be served on all parties to an action <u>before</u> it is served on the person to whom it is directed when seeking the production of documents).

Having not received responses from twelve of the nonparties to which Defendant sent these subpoenas, Defendant now seeks the Court to enter an order compelling these nonparties to produce the records responsive to the requests. (*See* Doc. No. 21). Defendant argues, in its Memorandum of Law in support of the Motion, that "[c]ertified mail is a valid means of effectuating service pursuant to R. 45(b)(1) as an agent of the postal service qualifies as a 'person at least 18 years of age and not a party.'"[7] (Doc. No. 21 at ECF p. 27 (quoting *Ott v. Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2011)).[8] Defendant adds that "none of the providers have ever objected to the method or manner of service." (Doc. No. 21 at ECF p. 27 (citing Fed. R. Civ. P. 45(d)(2)(b))).

Defendant further points out that "each Subpoena was served under cover of correspondence confirming that a copy of the same was being served on counsel for Plaintiff, thereby providing documentation of written notice of the Subpoena to the concerned entity, specifying the caption and docket of the action, and setting a response date after the Rule-imposed deadline for filing an objection." (Doc. No. 21 at ECF p. 28). As such, Defendant argues that the

---

[7] In a footnote, Defendant states that "the Subpoenas were served via certified mail, return receipt requested and certified mail receipts." (Doc. No. 21 at ECF p. 27).

[8] Defendant also cites: "<u>N.J. Building Laborers State Benefit Fund v. Torrtio Brothers</u>, 2009 U.S. Dist. LEXI 10267, *6-7 (D.N.J. Feb. 11, 2009; (Rodriguez U.S.D.J.) (*unpublished attached*), holding signed certified mail receipts render the Subpoena valid." (Doc. No. 21 at ECF p. 27 (*sic* throughout)). That case, however, is properly styled as: *N.J. Bldg. Laborers Statewide Benefit Funds v. Torchio Bros.*, No. 08-552, 2009 U.S. Dist. Lexis 10267 (D.N.J. Feb. 11, 2009).

5

nonparties' failures to respond violate "the Court's Rules and Subpoena power" and thus it seeks the Court to enforce the subpoenas. (Doc. No. 21 at ECF p. 28).

## II.   LEGAL STANDARD

Rule 34(c) of the Federal Rules of Civil Procedure govern motions seeking to compel a nonparty to compel the production of documents "[a]s provided in Rule 45[.]" Fed. R. Civ. P. 34(c). Rule 45 of the Federal Rules of Civil Procedure applies when a party seeks discovery from a nonparty and sets forth specific requirements as to the content and scope of a subpoena and methods for serving and enforcing a subpoena. *See* Fed. R. Civ. P. 45. "The court has broad discretion regarding the enforcement of subpoenas." *Tattle Tale Portable Alarm Sys., Inc. v. Calfee, Halter & Griswold, LLP*, No. 11-7013, 2012 WL 1191214, at *3 (D.N.J. Apr. 10, 2012). Nevertheless, courts in this district often afford "greater protection from discovery" to a nonparty than a party. *Burgess v. Galloway*, No. 20-5744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) (internal citation omitted).

## III.  DISCUSSION

To be enforceable, the subpoenas must be valid under Rule 45. Here, Defendant has failed to comply with Rule 45 in many aspects and, as such, the Court cannot grant the relief requested.

First, Defendant failed to meet the obligations of Rule 45(a) as to the contents of a subpoena. Rule 45 of the Federal Rules of Civil Procedure mandates that a subpoena "must . . . set out the text of Rule 45(d) and (e)." Fed. R. Civ. P. 45(a)(1)(A)(iv) (emphasis supplied). Yet, not one of the subpoenas sought to be enforced met this requirement. Nor did Defendant even refer to such rights and obligations of the nonparty through Rule 45 in its cover letters.

Second, Defendant failed to provide advance notice to Plaintiff of the subpoenas. Rule 45 requires that: "If the subpoena commands the production of documents, electronically stored

information, or other tangible things . . ., then <u>before it is served on the person to whom it is directed</u>, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis supplied). Here, Defendant appears to have sent at least the cover letters—and perhaps its attachments including the subpoenas—to Plaintiff's counsel at the same time that it sent the subpoenas to the nonparties. Yet, there is nothing in the record to show Defendant complied with Rule 45(a)(4) to provide notice <u>before</u> serving the subpoenas.

Third, Defendant's service of the subpoenas through certified mail is deficient pursuant to Rule 45. Rule 45(b) governs service of a subpoena. Fed. R. Civ. P. 45(b). Pursuant to the Rule, a subpoena may be served by "[a]ny person who is at least 18 years old and not a party" and "<u>requires delivering a copy to the named person</u>[.]" Fed. R. Civ. P. 45(b)(1) (emphasis supplied). When a party must prove service, the Rule "requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served" and "must be certified <u>by the server</u>." Fed. R. Civ. P. 45(b)(4) (emphasis supplied).

Here, Defendant relies upon two cases to contend that service via certified mail is sufficient pursuant to Rule 45(b)(1): *Ott v. Milwaukee*, 682 F.3d 552 (7th Cir. 2011), and *N.J. Bldg. Laborers Statewide Benefit Funds v. Torchio Bros.*, No. 08-552, 2009 U.S. Dist. Lexis 10267 (D.N.J. Feb. 11, 2009). (Doc. No. 21 at ECF p. 27). However, Defendant's reliance on these cases is misplaced. While the Seventh Circuit has found certified mail as sufficient for service of a subpoena to a nonparty, that stance is a minority view and courts within the Third Circuit have found differently. *See, e.g., Farley-Skinner v. Adventure Aquarium, LLC*, No. 17-4797, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) (recognizing that "personal service is required when serving a subpoena" based on the interpretation of the word "delivering" and citing multiple cases within this Circuit finding the same); *see also SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 153-54 (D. Or.

7

2021) (recognizing the split of authority in which the Seventh Circuit's view is an "emerging minority position," and finding the weight of authority, coupled with Advisory Committee Notes to certain amendments to the Federal Rules of Civil Procedure, support the requirement that only personal service is sufficient to satisfy Rule 45's service requirement).

In addition, a bankruptcy court within this Circuit has discussed a similar argument, where a party relied upon *Ott* and *New Jersey Building Laborers* to claim service of subpoena through certified mail was sufficient for purposes of Rule 45. *In re Williams*, No. 17-25034, 2021 WL 1912401, at *8 (Bankr. D.N.J. May 12, 2021). There, the bankruptcy court recognized that "satisfaction of Rule 45(b)(1) service by certified mail is still the minority position." *Id.* (citing Wright & Miller, § 2454, Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.)). That bankruptcy court recognized that *New Jersey Building Laborers*, among others, found certified mail was sufficient where the nonparty themselves signed the certified mail receipt. *See id.* at *8-9. Upon consideration of the various case law, the bankruptcy court found the trustee failed to properly serve the subpoena at issue because he sent the subpoena by certified mail and the receipt was not signed by the nonparty, but, rather, "only state[d] that the subpoena was received by an individual; it does not identify that individual." *Id.* at *10. Accordingly, the bankruptcy court denied the trustee's motion to compel the nonparty to produce responsive documents. *Id.*

Here, the Court is not persuaded to follow the minority view that service of a subpoena may appropriately be made through certified mail. The plain language of the Rule, the Advisory Committee Notes, and the weight of authority support a finding that personal service is required pursuant to Rule 45(b)(1). Further, even if the Court were to consider the reasoning of *Ott* and *New Jersey Building Laborers*, the receipts of the subpoenas sought to be enforced are not signed

by the nonparties and do not identify who received or picked up the subpoenas. Moreover, no such confirmation of receipt by any individual is provided as to other subpoenas. Accordingly, Defendants failed to properly serve the subpoenas.

For those reasons, the Court cannot enforce any of the subpoenas subject to Defendant's Motion as they are both defective and improperly served. *See, e.g., Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) (finding defective subpoenas to be unenforceable).

The Court adds that it also cannot enforce the subpoena directed to Gallagher Bassett Services, Inc. in Clinton, Iowa, which commands the production of documents to Defendant's counsel's firm's physical address in Sewell, New Jersey for the additional reason that it fails to meet Rule 45's 100 mile rule. A subpoena may require the production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(2)(A). Clinton, Iowa is more than 100 miles from Sewell, New Jersey, and Defendant does not proffer that this Gallagher Bassett Services regularly transacts within 100 miles of Sewell, New Jersey. Defendant's follow-up letter stating that responses can be produced via email does not cure this defect. As such, the Court finds this specific subpoena to be defective for also failing to meet Rule 45(c)(2)(A).[9]

Finally, the nonparties did not waive their objections to the subpoenas, as to service or otherwise. Importantly, on this record, Defendant has not shown proper service of the subpoenas, which were facially deficient pursuant to Rule 45 for multiple reasons as discussed above. Defendants have not shown that these nonparties actually received the subpoenas other than, in

---

[9] The Court need not and does not address whether this is the proper court of compliance for such a subpoena for purposes of any applications to quash. *See* Fed. R. Civ. P. 45(d)(3)(A). Nonetheless, if this were the court of compliance for this subpoena to Gallagher Bassett, and if there were a timely motion to quash, the Court would be required to quash or modify the subpoena because it "requires a person to comply beyond the geographical limits specified in Rule 45(c)[.]" Fed. R. Civ. P. 45(d)(3)(A)(ii).

some but not all instances, copies of unverified receipts indicating an "individual" picked up or received the mailing.

Furthermore, Defendant's failure to set out the text of subdivisions (d) and (e) failed "to ensure that the recipient of the subpoena is fully aware of both her own obligations in responding to the subpoena, of the duties of the attorney in properly executing the subpoena, and the options a recipient may exercise in contesting a subpoena." *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*, 227 F.R.D. 374, 379 (W.D. Pa. 2005) (internal quotation marks and citation omitted). Indeed, Rule 45(d)(1) requires the party or attorney issuing and serving the subpoena to avoid undue burden or expense, a Rule this Court is tasked to enforce. Fed. R. Civ. P. 45(d)(1). It would strain fundamental notions of fairness and due process, let alone undue burden and expense, to find a nonparty to a litigation waived objections to a facially defective subpoena that was not only improperly served but also failed to notify the recipient of its rights, duties, and obligations. Accordingly, because the subpoenas are invalid and unenforceable, the nonparties' rights and obligations pursuant to Rule 45) were neither triggered nor waived. *See, e.g., Hallamore*, 259 F.R.D. at 80 n.10 (noting that "[b]ecause the subpoena does not satisfy the requirements of Rule 45(a), AmQuip was not required to move for a protective order prior to the date of the deposition listed on the subpoena").

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion. Simply, the Court cannot enforce subpoenas that are unenforceable, invalid, and improperly served. The strictures of Rule 45 of the Federal Rules of Civil Procedure serve an important purpose. Of course, discovery from nonparties is necessary in many cases; however, such discovery cannot take place absent compliance with the procedural and substantive safeguards implemented through the Rule

to protect those who are mere bystanders to a litigation. Where, as here, there are many instances of noncompliance with the Rule, the Court cannot find merely amend the subpoenas to rectify the errors.

Accordingly, for the reasons set forth above,

**IT IS** on this **24th** day of **February 2025**, hereby

**ORDERED** that Defendant's Motion (Doc. No. 21) is **DENIED**; and it is further

**ORDERED** that the parties shall meet and confer on a proposed amended scheduling order and file with the Court a proposed amended scheduling order by no later than **March 9, 2025**; and it is further

**ORDERED** that the Clerk of the Court shall hereby **TERMINATE** the Motion pending at Docket Entry No. 21; and it is further

**ORDERED** that, exercising the Court's discretion manage its docket, the Clerk of the Court shall administratively **CLOSE** this matter pending the entry of an amended scheduling order.

**SO ORDERED.**

RUKHSANAH L. SINGH
**UNITED STATES MAGISTRATE JUDGE**

11